ORIGINAL

1   TRISH M. HIGGINS (State Bar No. 119215)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
2   400 Capitol Mall, Suite 3000
    Sacramento, CA  95814-4497
3   Telephone:     916-447-9200
    Facsimile:      916-329-4900
4
5   ERIN M. CONNELL (State Bar No. 223355)
    AMIRA B. DAY (State Bar No. 239045)
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
    405 Howard Street
7   San Francisco, CA  94105            *E-filing*
    Telephone:     415-773-5700
8   Facsimile:      415-773-5759

9   Attorneys for Defendant
    MORGAN STANLEY & CO. INCORPORATED
10

11                     UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA      EMC

13                        SAN FRANCISCO DIVISION

14                                                CV 08    2602

15  CAROL ETTINGER, individually and on      Case No.
    behalf of all others similarly situated,
16                                            **NOTICE OF REMOVAL UNDER**
               Plaintiff,                     **28 U.S.C. §§ 1332, 1441, AND 1453**
17
          v.
18
    MORGAN STANLEY & CO., INC. and
19  DOES 1 through 50, inclusive,

20             Defendants.

21

22       TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

23  CALIFORNIA, SAN FRANCISCO DIVISION, AND TO PLAINTIFF AND HER COUNSEL

24  OF RECORD:

25       PLEASE TAKE NOTICE that Defendant Morgan Stanley & Co. Incorporated ("Morgan

26  Stanley" or "Defendant") files this notice of removal pursuant to 28 U.S.C. sections 1332, 1441,

27  and 1453, to effect the removal of the above-captioned action, which was commenced in the

28  ////

1  Superior Court of the State of California in and for the County of Napa, and states that the

2  removal is proper for the following reasons.

3  **BACKGROUND**

4      1.    On or about April 21, 2008, Plaintiff Carol Ettinger ("Plaintiff"), individually and

5  on behalf of all others similarly situated, filed a Complaint against Defendant in the Superior

6  Court of the State of California, County of Napa, Case No. 26-42126 (the "Complaint"). The

7  Complaint is attached as Exhibit A. The allegations of the Complaint in the Action are

8  incorporated by reference in this Notice of Removal without necessarily admitting any of them.

9      2.    The Complaint purports to assert seven class-wide causes of action for relief

10  against Morgan Stanley stemming from Plaintiff's and putative class members' employment with

11  Morgan Stanley. Plaintiff alleges that Morgan Stanley engaged in a "pattern and practice of

12  failing to properly compensate a group of employees who worked in California as Operations

13  Managers, also known as Complex Service Managers (hereinafter "Complex Service Managers")

14  by improperly withholding the wages of these employees, failing to provide these employees with

15  meal and rest breaks, and failing to reimburse these employees for business expenses incurred by

16  the employees as required by statute and contract." (Complaint, ¶ 1). Specifically, the Complaint

17  asserts causes of action of (1) restitution of state law overtime pay; (2) recovery of state law

18  overtime pay; (3) failure to provide rest and meal breaks; (4) failure to provide accurate wage

19  statements; (5) restitution of business expenses; (6) waiting time penalties; and (7) declaratory

20  relief.

21  **TIMELINESS OF REMOVAL**

22      3.    Morgan Stanley was personally served with the Summons and Complaint on

23  April 22, 2008. The Summons is attached as Exhibit B.

24      4.    This Notice of Removal is timely as it is filed within thirty (30) days of the first

25  receipt by a defendant of a copy of the Summons and Complaint in this matter. 28 U.S.C.

26  § 1446(b).

27  / / / /

28  / / / /

    - 2 -    

## DIVERSITY JURISDICTION – CLASS ACTION FAIRNESS ACT

5.     This action is removal under the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d). The Court has original jurisdiction of this action under Section 1332(d)(2), and the action is removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and 1453, as it is a class action in which at least one class member is a citizen of a state different from that of the Defendant, the class size exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Further, no defendant identified in the Complaint is a state, officer of a state or a governmental agency. 28 U.S.C. § 1332(d)(5).

### Diverse Citizenship of the Parties

6.     **Plaintiff's Citizenship**. Plaintiff, as she alleges, is a resident of the State of California. (Complaint, ¶ 3). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994). Plaintiff therefore is a citizen of California.

7.     **Defendant's Citizenship**. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Morgan Stanley is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York. (*See* Declaration of Wendy Warner In Support of Defendant's Notice of Removal ("Warner Decl."), ¶ 2). Defendant conducts business in many states, does not conduct a majority of its activities in any single state, and its corporate headquarters is located in New York. *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (where corporation conducts business in many states and does not conduct majority of its business in any single state, state of corporate headquarters is the corporation's principal place of business).

8.     **Doe Defendants**. Pursuant to 28 U.S.C. section 1441(a), the citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.

**Class Size**

9.     The Complaint alleges that "members of the Class number at least fifty and possibly into the hundreds." (Complaint, ¶ 19). More precisely, during the class period, 108 individuals were or are employed by Morgan Stanley in California as Branch Operations Managers or Complex Service Managers. *See* Warner Decl., ¶ 5. Accordingly, the putative class exceeds the minimum size of at least 100 proposed plaintiffs in the aggregate.

**Amount in Controversy/Class Claims**

10.     The alleged amount in controversy is this class action exceeds, in the aggregate, five million dollars ($5,000,000). The Complaint seeks payment of overtime wages under California Labor Code sections 510 and 1194. The Complaint also seeks payments for missed meal and rest periods under California Labor Code section 226.7, which provides for one hour of pay for each work day in which a meal or rest period is not provided. Further, the Complaint seeks recovery of the alleged unpaid wages as restitution under California Business & Professions Code Section 17200, which has a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. Additionally, the Complaint seeks payment of waiting time penalties under California Labor Code section 203, which provides that the wages of an employee shall continue at their regular rate for a period of up to 30 days if all concededly due wages are not paid at the time of termination. The Complaint also seeks payment of penalties under California Labor Code § 226, which permits a maximum penalty of $4,000 per employee. As set forth below, the amount in controversy implicated by these class-wide allegations exceeds five million dollars.

11.     **Overtime Wages:** With respect to the allegations regarding unpaid overtime, the Complaint alleges that putative class members did not meet the tests for exempt status under the California Wage Orders and the California Labor Code, although they regularly worked more than 40 hours per week and/or 8 hours per day without being paid overtime. (Complaint, ¶¶ 30, 31). The Complaint also seeks the alleged unpaid overtime as restitution under California Business & Professions Code Section 17200. (Complaint, ¶¶ 32, 33). Computing overtime at 10 hours per week for each week that a putative class member was employed in a class position over the four-year period, the amount of overtime pay at issue (exclusive of interest) exceeds

1   $4.092 million. *See* Warner Decl., ¶ 6. Even at 6 hours of overtime per week for each week that

2   a putative class member was employed in a class position during the four-year period, the amount

3   of overtime pay at issue (exclusive of interest) exceeds $2.455 million. *See* Warner Decl., ¶ 6.

4       12.   **Missed rest and meal periods under Labor Code section 226.7:** The Complaint

5   alleges that Morgan Stanley failed to provide putative class members with their required rest and

6   meal breaks (Complaint, ¶ 37). Computing the missed break wages based on five missed rest or

7   meal periods per week that a putative class member was employed in a class position during the

8   class period, the wages at issue under Section 226.7 (exclusive of interest) exceeds $1.364

9   million. *See* Warner Decl., ¶ 7.

10      13.   **Waiting time penalties under Labor Code section 203**: The Complaint alleges

11  that Defendant failed to pay the Plaintiff and class members all wages due at termination, and

12  seeks "waiting penalties" under California Labor Code section 203 of thirty days backpay for

13  each putative class member no longer employed by Morgan Stanley. (Complaint, ¶ 15). The

14  value of this class claim for waiting time penalties exceeds $222,000. *See* Warner Decl., ¶ 8.

15      14.   **Penalties for inaccurate itemized wage statements under Labor Code**

16  **section 226.** The Complaint alleges that none of the wage statements provided to putative class

17  members contained an account statement of the employees' actual gross wages earned or the

18  appropriate deductions, thereby violating Labor Code Section 226. (Complaint, ¶ 42). Based on

19  the statutory penalty of $100 per pay period for each pay period in which a putative class member

20  was employed in a class position in the one-year period prior to filing, the total amount of

21  penalties recoverable under this claim (exclusive of interest) exceeds $90,000. *See* Warner Decl.,

22  ¶ 9.

23      15.   **Attorney's fees**: The Complaint also alleges that class members are entitled to

24  recover attorney's fees. (Complaint, ¶¶ 35, 41, and Prayer #6). Requests for attorney's fees must

25  be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS*

26  *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be

27  included in amount in controversy, regardless of whether award is discretionary or mandatory).

28  ////

1   At a 25%-30% attorney fee's award, the amount of attorney's fees at issue would be $1-

2   $1.7 million.

3       16.    Because diversity of citizenship exists – the Plaintiff being a citizen of the State of

4   California and the Defendant being a citizen of the States of Delaware and New York, because

5   the class size exceeds 100 members, and because the amount in controversy exceeds five million

6   dollars, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(d)(2).

7   This action is therefore a proper one for removal to this Court.

8                    **No Bases for Declining Jurisdiction Exists**

9       17.    There are no bases for this Court to decline jurisdiction.  The CAFA permits a

10  district court to decline to exercise its jurisdiction only in specified instances where a primary

11  defendant is a citizen of the forum state.  28 U.S.C. § 1332(d)(3) and (4).  Here, the sole

12  defendant is not a citizen of California.

13                       **DIVERSITY JURISDICTION**

14      18.    In addition to the CAFA, this action is also removable under the general diversity

15  provisions.  This Court has original jurisdiction of this action under 28 U.S.C. section 1332(a),

16  and the action is removable pursuant to 28 U.S.C. section 1441(a), as the named plaintiff is a

17  citizen of a state different from that of the Defendant and the amount in controversy for the claims

18  of the named plaintiff exceeds $75,000, exclusive of interest and costs.

19                    **Diverse Citizenship of the Parties**

20      19.    As set forth above at paragraphs 6 and 7, the named plaintiff is a citizen of

21  California and Morgan Stanley is a citizen of Delaware and New York.  The complete diversity

22  requirement in class actions is based on the citizenship of the named plaintiff at the time the

23  action is filed, and the citizenship of unnamed class members is disregarded.  *See Snyder v.*

24  *Harris*, 394 U.S. 332, 339-340 (1969); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 (9th Cir.

25  2001).

26                **Amount in Controversy / Named Plaintiff's Claims**

27      20.    The amount in controversy for the claims of named plaintiff exceeds $75,000,

28  exclusive of interest and costs.  As set forth in the attached declaration, the amount in controversy

1    for named plaintiff's overtime claim at 10 hours per week is approximately $39,447; for her

2    missed rest or meal periods at 5 per week is approximately $13,149; for her waiting time penalty

3    claim is $5,133; and for her wage statement penalties claim is $1,300, summing to $59,029.  *See*

4    Warner Decl., ¶ 10.  In addition, named plaintiff seeks an unspecified sum for "restitution of

5    business expense." (Complaint, ¶¶ 1, 45).

6         21.    In addition, named plaintiff seeks recovery of her attorney's fees (Complaint,

7    ¶¶ 35, 41, and Prayer #6), which must be taken into account in ascertaining the amount in

8    controversy.  *See Galt GIS v. JS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  At the rate of

9    30% of the value of the named plaintiff's claims, the attorney's fees at issue relative to the named

10   plaintiff's claims are approximately $17,709, for a total amount in controversy in excess of

11   $75,000.

12        22.    In a diversity case, only one named plaintiff's claim needs to satisfy the

13   jurisdictional amount in controversy of $75,000; supplemental jurisdiction is authorized over the

14   other members' claims, regardless of the amount of those claims.  *See Exxon Mobile Corp. v.*

15   *Allapattah Services, Inc.*, 545 U.S. 546, 549, 566-567 (2005); 28 U.S.C. § 1367.

16                                      **VENUE**

17        23.    Venue lies in the Northern District of this Court pursuant to 28 U.S.C.

18   sections 1441, 1446(a), and 84(a).  This action originally was brought in the Superior Court of the

19   State of California, County of Napa.

20                              **NOTICE OF REMOVAL**

21        24.    This Notice of Removal will be promptly served on Plaintiff and filed with the

22   Clerk of the Superior Court of the State of California in and for the County of Napa.

23        25.    In compliance with 28 U.S.C. section 1446(a), attached are copies of the state-

24   court papers served herein – the Complaint (Exhibit A), the Summons (Exhibit B).

25   / / / /

26   / / / /

27   / / / /

28   / / / /

1   WHEREFORE, defendant Morgan Stanley prays that this civil action be removed from

2 the Superior Court of the State of California, County of Napa to the United States District Court

3 of the Northern District of California, San Francisco Division.

4 Dated: May 22, 2008.       TRISH M. HIGGINS
                ERIN M. CONNELL
5                ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                Erin M. Connell
                Attorneys for Defendant
8             Morgan Stanley & Co. Incorporated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1453

EXHIBIT A



```
1125125.14.II - 4/21/2008 4:36:00 PM
```

```
1  H. Tim Hoffman, SBN 49141
   Arthur W. Lazear, SBN 83603
2  Morgan M. Mack SBN 212659
   HOFFMAN & LAZEAR
3  180 Grand Avenue, Suite 1550
   Oakland, CA 94612
4  Telephone: (510) 763-5700
   Email: hth@hoffmanandlazear.com
5
   Newman Strawbridge, SBN 171360
6  LAW OFFICE OF NEWMAN STRAWBRIDGE
   719 Orchard Street
7  Santa Rosa, CA 95404
   Telephone: (707) 523-3377
8  Email: rlaw@sonic.net
9  Cameron Cunningham  SBN 75593
   LAW OFFICE OF CAMERON CUNNINGHAM
10 719 Orchard Street
   Santa Rosa, CA 95404
11 Telephone:  (707) 829-9194
   Email: camc@sonic.net
12
13 Attorneys for Plaintiff
14
```

**ENDORSED**

APR 2 1 2008

Clerk of the Napa Superior Court

By: _____ V. BENAVIDEZ
                    Deputy

DELAY REDUCTION CASE

CASE MANAGEMENT CONFERENCE
DATE: 9-29-08
TIME: 8:30am         A
PLACE: Courtroom
825 Brown Street, Napa CA 94559

```
15          SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                 FOR THE COUNTY OF NAPA       BY FAX

17
   CAROL ETTINGER, individually and on  ) 26 - 42126
18 behalf of all others similarly situated,  )
                                          )
19                                        )  CLASS ACTION COMPLAINT FOR DAMAGES,
                                          )  INJUNCTIVE RELIEF AND RESTITUTION
20          Plaintiff,                     )
                                          )
21 vs.                                    )  [JURY TRIAL DEMANDED]
                                          )
22                                        )
   MORGAN STANLEY & CO., INC., and        )
23 DOES 1 through 50, inclusive,          )
                                          )
24          Defendants.                    )
                                          )
25                                        )
                                          )
26 _____ )
                                             INTRODUCTION
27
        1.      This action arises out of Defendant's pattern and practice of failing to properly
28
```

Complaint                                    -1-



1  compensate a group of employees who worked in California as Operations Managers, also known as

2  Complex Service Managers (hereinafter "Complex Service Managers") by improperly withholding

3  the wages of these employees, failing to provide these employees with meal and rest beaks, and

4  failing to reimburse these employees for business expenses incurred by the employees as required by

5  statute and contract. Plaintiff seeks the following for herself and others similarly situated: an award

6  of unpaid compensation, including but not limited to unpaid overtime; payment of funds improperly

7  withheld by Defendant; reimbursement of business expenses she incurred; interest; penalties for

8  Defendant's failure to provide meal and rest breaks and failure to pay wages in a timely manner;

9  attorneys fees and costs; equitable relief; and other forms of relief available under California law.

10         2.      Defendant's actions are in violation of California Business and Professions

11  Code §§ 17200 et seq., and various sections of the California Labor Code. Defendant's actions also

12  breach explicit and implied contracts between Defendant and Plaintiff as well as explicit and implied

13  contracts between Defendant and members of the purported class.

14                              **PARTIES**

15         3.      Plaintiff CAROL ETTINGER is an individual residing in the State of

16  California.

17         4.      Plaintiff is informed and believes and thereon alleges that Defendant

18  MORGAN STANLEY & CO., INC. (hereinafter "Morgan Stanley" or "Defendant") is a financial

19  services firm doing business in this judicial district, elsewhere in California.

20         5.      The term "plaintiff(s)" as used in this complaint means and includes all

21  persons and entities listed and named as Plaintiff in the caption of this complaint, or any amendment

22  thereto, and in the text paragraphs thereof, and include any plaintiff hereafter added by amendment,

23  joinder or intervention. The term "plaintiff(s)" also means and includes both the named plaintiff

24  individually and as representative of the class and any subclass herein described, as well as each

25  member of such class and any subclass.

26         6.      The term "defendant" as used in this complaint means and includes all persons

27  and entities listed and named as a defendant in the caption of this complaint or any amendment

28

Complaint
                                    -2-

thereto and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

7.      Plaintiff is informed and believes and thereon alleges that Defendant sells financial services throughout California and the United States. Defendant employs Complex Service Managers in positions that do not meet the standards for any state or federal exemption from overtime compensation.

## FACTS COMMON TO ALL COUNTS

8.      Morgan Stanley knowingly failed to compensate Complex Service Managers for overtime and other wages due according to various sections of the California Labor Code and various California wage orders.

9.      Morgan Stanley knowingly failed to provide Complex Service Managers with meal and break periods due them under California Labor Code §§ 226.7 and 512 and California Wage Order 4.

10.      Morgan Stanley knowingly failed to properly compensate Complex Service Managers upon the termination date of those employees who no longer work for Morgan Stanley, a violation of California Labor Code §§ 201-203.

11.      Morgan Stanley knowingly failed to properly reimburse Complex Service Managers for expenses related to the employees' job duties in violation of California Labor Code §§ 406, 407 and 2802.

12.      Morgan Stanley knowingly failed to provide and maintain accurate itemized wage statements for Complex Service Managers in violation of California Labor Code § 226.

13.      Morgan Stanley knowingly failed to provide and maintain accurate time records for Complex Service Managers in violation of California Labor Code § 1174.

Complaint

14.     Carol Ettinger and all other potential class members have a legal right to their unpaid compensation, business expenses and penalties.  However, Defendant has not yet provided any of these funds to Plaintiff or to any other potential class member.

15.     Morgan Stanley has not employed Carol Ettinger for over 30 days.  However, Defendant has not provided Plaintiff nor any other potential class member who is a former California employee of Defendant with the 30 days wages due under California Labor Code § 203.

### CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.

17.     The Class is comprised of any and all individuals who are currently or were employed by Morgan Stanley in California as a financial services representative within the applicable statutory period.

18.     This action has been brought and may properly be maintained as a class action under California law.

19.     Plaintiffs are unable to state precisely the size of the Class, but they are informed and believe that members of the Class number at least fifty and possibly into the hundreds. The Class is sufficiently numerous and dispersed throughout the state that joinder of all its members is impractical.

20.     There are numerous common questions of law and fact with respect to Defendant and its compensation/reimbursement of the Class members. Among these questions common to the Class are:

(a)     Whether Defendant provided proper compensation to California Complex Service Managers as required under California law;

Complaint



(b)    Whether Defendant provided proper reimbursement of expenses to Complex Service Managers;

©    Whether Defendant should be penalized for failing to provide time records and/or accurate wage statements to Complex Service Managers;

(d)    Whether Defendant should be penalized for failing to provide full and accurate wages to those Complex Service Managers who are no longer employees of Defendant within 72 hours of each employee's termination of employment;

(e)    Whether Defendant should be penalized for failing to provide meal and rest breaks to Complex Service Managers;

(f)    Whether Plaintiff and class members are entitled to recover attorneys' fees and costs;

(g)    Whether Plaintiff and class members are entitled to recover equitable relief; and

(h)    Whether the employment contracts should be equitably reformed.

21.    The only non-common issue is the amount of specific damages for each particular member of the Class; therefore, common questions of law and fact clearly predominate within the meaning of FRCP Rule 23(b). However, much of the damages can readily be calculated using Defendant's records and in a formulaic manner.

22.    Class action treatment provides a fair and effectual method for the adjudication of the controversy here described, affecting a large number of persons the joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication.

Complaint

-5-




23.     If Class members were to pursue individual litigation, it would be unduly burdensome to the courts within which the individual litigation would proceed. Individual litigation would magnify the delay and expense to all parties in the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual Class members, and result in judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class members by publication and direct mailing upon discovery of Defendants' files.

24.     The expense and burden of individual litigation of a case of this magnitude make it impractical for individual Class members to seek redress for the wrongs done to them and therefore requires consolidation of all such claims in one action.

25.     The claims of the named Plaintiff, as the Class Representative, are typical of the claims of the members of the Class.

26.     Plaintiff will fairly and adequately protect the interests of the Class she represents. The interests of Plaintiff, as the Class Representative, are consistent with those of the members of the Class. In addition, Plaintiff is represented by experienced and able counsel who have represented Plaintiff classes in similar litigation.

27.     Plaintiff envisions no unusual difficulty in the management of this action as a Class action.

### FIRST CAUSE OF ACTION
(Restitution of State Law Overtime Pay)

28.     Plaintiff incorporates the allegations contained in paragraphs 1 through 27.

Complaint

29.    California Labor Code sections 510 and 1194, and California Wage Order 4-2001, 8 C.C.R. section 11040, state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

30.    Plaintiff and potential class members regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

31.    During at least some portion of the Class Period, Class members did not meet the tests for exempt status under the California Wage Orders and the California Labor Code.

32.    Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not paying the required state law overtime pay to the members of the class.

33.    Pursuant to California Bus. & Prof. Code section 17203, plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to members of the class in an amount to be proved at trial.

### SECOND CAUSE OF ACTION
(Recovery of State Law Overtime Pay)

34.    Plaintiff incorporates the allegations contained in paragraphs 1 through 33.

35.    Pursuant to California Labor Code section 1194, the members of the potential class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

///

///

///

///

Complaint

-7-



### THIRD CAUSE OF ACTION
(Rest and Meal Breaks)

36.    Plaintiff incorporates the allegations contained in paragraphs 1 through 35.

37.    Because Defendant treated Plaintiff and potential members of the class as exempt when they were really non-exempt, Defendant failed to provide these individuals with all of their required rest and meal breaks. As a result, under Labor Code section 226.7, the members of the class are entitled to one additional hour of pay for each day a rest or meal break was missed, in an amount to be proved at trial.

38.    Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not providing the required meal and rest breaks to the members of the class.

39.    Pursuant to California Bus. & Prof. Code section 17203, plaintiff requests an order requiring Defendant to make restitution of all amounts due to members of the class as a result of Defendant's failure to provide meal and rest breaks.

### FOURTH CAUSE OF ACTION
(Failure to Provide Accurate Wage Statements)

40.    Plaintiff incorporates the allegations contained in paragraphs 1- 39.

41.    Pursuant to California Labor Code §226(a), each employer in California must furnish every employee an itemized wage statement in writing with each paycheck showing, *inter alia*, gross wages earned by the employee, total number of hours worked and deductions. Labor Code §226(e) provides that an employee who suffers injury as a result of the employer's intentional violation of §226(a) is entitled to the greater of fifty dollars or his or her actual damages for the first violation, and one hundred dollars for each subsequent violation, up to four thousand dollars, along with costs and reasonable attorneys fees.

Complaint

-8-

 

42. Defendant failed to furnish Plaintiff and the class members with accurate and timely wage statements, as required by California Labor Code §226 in that none of the statements furnished to said employees contained an accurate statement of the employee's actual gross wages earned or the appropriate deductions.

43. As a result of Defendant's conduct as herein alleged, Plaintiff and the members of the class have been harmed in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION
(Restitution of Business Expenses)

44. Plaintiff incorporates the allegations contained in paragraphs 1 through 43.

45. The members of the class incurred necessary business-related expenses that were not reimbursed by Defendant, including, without limitation, training costs, seminar costs, telephone charges, mailing costs, postage, subscriptions, office supplies, office equipment, compensation of the support staff, and other necessary business-related costs or expenses that resulted from their employment with Defendant.

46. Defendant's failure to reimburse these expenses violates California Labor Code section 2802, as well as Labor Code sections 221 and 400-410 as those sections have been interpreted by California case law. As such, Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. against members of the class.

47. Pursuant to California Bus. & Prof. Code section 17203, Plaintiff requests an order requiring Defendant to make restitution of all necessary business-related expenses due to members of the class in an amount to be proved at trial.

///

///

Complaint



## SIXTH CAUSE OF ACTION
(Waiting Time Penalties)

48.    Plaintiff incorporates the allegations contained in paragraphs 1 through 47.

49.    Defendant willfully and intentionally failed to pay Plaintiff and the other Class members all of the wages they were due by the deadlines imposed under Labor Code sections 201 and 202. Accordingly, Plaintiff and the Class members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

## SEVENTH CAUSE OF ACTION
(Declaratory Relief)

50.    Plaintiff incorporates by reference Paragraphs 1 through 49, inclusive, of this Complaint, as if fully set forth herein.

51.    An actual and substantial controversy exists between Plaintiff and members of the Class on the one hand, and Defendant on the other hand, based on the prior six causes of action.

52.    Plaintiff contends that by classifying her and those similarly situated as exempt employees and by failing and refusing to compensate them as alleged herein, Defendants have violated California law. Defendants contend the opposite. Declaratory relief is appropriate.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For compensatory damages according to proof;

2.    For an order requiring Defendant to make restitution of all wages, including overtime wages and business expenses, that were illegally withheld;

3.    For interest according to proof;

4.    For penalties as alleged herein;

Complaint

-10-

5.  For declaratory relief that salaried employees employed by Defendants are not exempt from the overtime provisions of California law;

6.  For reasonable attorney's fees and costs of suit; and

7.  For such other relief that the Court deems just and proper.

Dated: April 17, 2008                          HOFFMAN & LAZEAR

By: _____
H. TIM HOFFMAN
Attorney for Plaintiff

Complaint

-11-

**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1453**

**EXHIBIT B**



11/25/13:14 - 4/21/2008 4:06:00 PM

4/22/08 → 2:52

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MORGAN STANLEY & CO., INC., and DOES 1 through 50, inclusive,

DELAY REDUCTION CASE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CAROL ETTINGER, individually and on behalf of all others similarly situated,

# ENDORSED

APR 21 2008

Clerk of the Napa Superior Court

By: N. BENAVIDEZ
     *Deputy*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exensión de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Napa County Superior Court
825 Brown Street, First Floor
Napa, CA 94559

**CASE NUMBER:**
*(Número del Caso):* 26 - 42126

# BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
H. TIM HOFFMAN, HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550, Oakland, CA 94612 - (510) 836-4900      Stephen A. Bouch

DATE: APR 21 2008
*(Fecha)*

Clerk, by N. BENAVIDEZ , Deputy
*(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* MORGAN STANLEY & CO., INC.

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

# SUMMONS

Code of Civil Procedure §§ 412.20, 465

[SEAL]