H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Email: hth@hoffmanandlazear.com

Newman Strawbridge, SBN 171360
**LAW OFFICE OF NEWMAN STRAWBRIDGE**
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 523-3377
Email: rlaw@sonic.net

Cameron Cunningham SBN 75593
**LAW OFFICE OF CAMERON CUNNINGHAM**
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 829-9194
Email: camc@sonic.net

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL ETTINGER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY & CO., INC., and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 3:08-cv-2602<br><br>AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION<br><br>[JURY TRIAL DEMANDED] |

### INTRODUCTION

1.      This action arises out of Defendant's pattern and practice of failing to properly compensate a group of employees who worked in California as Operations Managers, also known as Complex Service Managers (hereinafter "Complex Service Managers") by improperly withholding

Amended Complaint
-1-

the wages of these employees, failing to provide these employees with meal and rest beaks, and failing to reimburse these employees for business expenses incurred by the employees as required by statute and contract. Plaintiff seeks the following for herself and others similarly situated: an award of unpaid compensation, including but not limited to unpaid overtime; payment of funds improperly withheld by Defendant; reimbursement of business expenses she incurred; interest; penalties for Defendant's failure to provide meal and rest breaks and failure to pay wages in a timely manner; attorneys fees and costs; equitable relief; and other forms of relief available under California law.

2. Defendant's actions are in violation of California Business and Professions Code §§ 17200 et seq., and various sections of the California Labor Code. Defendant's actions also breach explicit and implied contracts between Defendant and Plaintiff as well as explicit and implied contracts between Defendant and members of the purported class.

## PARTIES

3. Plaintiff CAROL ETTINGER is an individual residing in the State of California. Plaintiff worked as a Complex Service Manager, also known as an Operations Manager (hereinafter "Complex Service Manager") for Defendant MORGAN STANLEY & CO., INC. (hereinafter "Morgan Stanley" or "Defendant") within the four years preceding the filing of the original complaint in this matter.

4. Plaintiff is informed and believes and thereon alleges that Defendant is a financial services firm doing business in this judicial district, and elsewhere in California.

5. The term "plaintiff(s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiff in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and include any plaintiff hereafter added by amendment, joinder or intervention. The term "plaintiff(s)" also means and includes both the named plaintiff individually and as representative of the class and any subclass herein described, as well as each member of such class and any subclass.

6. The term "defendant" as used in this complaint means and includes all persons and entities listed and named as a defendant in the caption of this complaint or any amendment

Amended Complaint
-2-

thereto and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

7. Plaintiff is informed and believes and thereon alleges that Defendant sells financial services throughout California and the United States. Defendant employs Complex Service Managers in positions that do not meet the standards for any state or federal exemption from overtime compensation.

**FACTS COMMON TO ALL COUNTS**

8. Morgan Stanley knowingly failed to compensate Complex Service Managers for overtime and other wages due according to various sections of the California Labor Code and various California wage orders.

9. Morgan Stanley knowingly failed to provide Complex Service Managers with meal and break periods due them under California Labor Code §§ 226.7 and 512 and California Wage Order 4.

10. Morgan Stanley knowingly failed to properly compensate Complex Service Managers upon the termination date of those employees who no longer work for Morgan Stanley, a violation of California Labor Code §§ 201-203.

11. Morgan Stanley knowingly failed to properly reimburse Complex Service Managers for expenses related to the employees' job duties in violation of California Labor Code §§ 406, 407 and 2802.

12. Morgan Stanley knowingly failed to provide and maintain accurate itemized wage statements for Complex Service Managers in violation of California Labor Code § 226.

13. Morgan Stanley knowingly failed to provide and maintain accurate time records for Complex Service Managers in violation of California Labor Code § 1174.

Amended Complaint

-3-

14. Carol Ettinger and all other potential class members have a legal right to their unpaid compensation, business expenses and penalties. However, Defendant has not yet provided any of these funds to Plaintiff or to any other potential class member.

15. Morgan Stanley has not employed Carol Ettinger for over 30 days. However, Defendant has not provided Plaintiff nor any other potential class member who is a former California employee of Defendant with the 30 days wages due under California Labor Code § 203.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.

17. The Class is comprised of any and all individuals who are currently or were employed by Morgan Stanley in California as Complex Service Managers within the applicable statutory period.

18. This action has been brought and may properly be maintained as a class action under California law.

19. Plaintiffs are unable to state precisely the size of the Class, but they are informed and believe that members of the Class number at least fifty and possibly into the hundreds. The Class is sufficiently numerous and dispersed throughout the state that joinder of all its members is impractical.

20. There are numerous common questions of law and fact with respect to Defendant and its compensation/reimbursement of the Class members. Among these questions common to the Class are:

    (a) Whether Defendant provided proper compensation to California Complex Service Managers as required under California law;

Amended Complaint
-4-

(b) Whether Defendant provided proper reimbursement of expenses to Complex Service Managers;

(c) Whether Defendant should be penalized for failing to provide time records and/or accurate wage statements to Complex Service Managers;

(d) Whether Defendant should be penalized for failing to provide full and accurate wages to those Complex Service Managers who are no longer employees of Defendant within 72 hours of each employee's termination of employment;

(e) Whether Defendant should be penalized for failing to provide meal and rest breaks to Complex Service Managers;

(f) Whether Plaintiff and class members are entitled to recover attorneys' fees and costs;

(g) Whether Plaintiff and class members are entitled to recover equitable relief; and

(h) Whether the employment contracts should be equitably reformed.

21. The only non-common issue is the amount of specific damages for each particular member of the Class; therefore, common questions of law and fact clearly predominate within the meaning of FRCP Rule 23(b). However, much of the damages can readily be calculated using Defendant's records and in a formulaic manner.

22. Class action treatment provides a fair and effectual method for the adjudication of the controversy here described, affecting a large number of persons the joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication.

Amended Complaint

-5-

23. If Class members were to pursue individual litigation, it would be unduly burdensome to the courts within which the individual litigation would proceed. Individual litigation would magnify the delay and expense to all parties in the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual Class members, and result in judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class members by publication and direct mailing upon discovery of Defendants' files.

24. The expense and burden of individual litigation of a case of this magnitude make it impractical for individual Class members to seek redress for the wrongs done to them and therefore requires consolidation of all such claims in one action.

25. The claims of the named Plaintiff, as the Class Representative, are typical of the claims of the members of the Class.

26. Plaintiff will fairly and adequately protect the interests of the Class she represents. The interests of Plaintiff, as the Class Representative, are consistent with those of the members of the Class. In addition, Plaintiff is represented by experienced and able counsel who have represented Plaintiff classes in similar litigation.

27. Plaintiff envisions no unusual difficulty in the management of this action as a Class action.

### COUNT ONE
(Restitution of State Law Overtime Pay)

28. Plaintiff incorporates the allegations contained in paragraphs 1 through 27.

Amended Complaint

29. California Labor Code sections 510 and 1194, and California Wage Order 4-2001, 8 C.C.R. section 11040, state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

30. Plaintiff and potential class members regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

31. During at least some portion of the Class Period, Class members did not meet the tests for exempt status under the California Wage Orders and the California Labor Code.

32. Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not paying the required state law overtime pay to the members of the class.

33. Pursuant to California Bus. & Prof. Code section 17203, plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to members of the class in an amount to be proved at trial.

## COUNT TWO
(Recovery of State Law Overtime Pay)

34. Plaintiff incorporates the allegations contained in paragraphs 1 through 33.

35. Pursuant to California Labor Code section 1194, the members of the potential class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

## COUNT THREE
(Rest and Meal Breaks)

36. Plaintiff incorporates the allegations contained in paragraphs 1 through 35.

37. Because Defendant treated Plaintiff and potential members of the class as exempt when they were really non-exempt, Defendant failed to provide these individuals with all of their

Amended Complaint
-7-

required rest and meal breaks. As a result, under Labor Code section 226.7, the members of the class are entitled to one additional hour of pay for each day a rest or meal break was missed, in an amount to be proved at trial.

38. Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not providing the required meal and rest breaks to the members of the class.

39. Pursuant to California Bus. & Prof. Code section 17203, plaintiff requests an order requiring Defendant to make restitution of all amounts due to members of the class as a result of Defendant's failure to provide meal and rest breaks.

### COUNT FOUR
(Failure to Provide Accurate Wage Statements)

40. Plaintiff incorporates the allegations contained in paragraphs 1- 39.

41. Pursuant to California Labor Code §226(a), each employer in California must furnish every employee an itemized wage statement in writing with each paycheck showing, *inter alia*, gross wages earned by the employee, total number of hours worked and deductions. Labor Code §226(e) provides that an employee who suffers injury as a result of the employer's intentional violation of §226(a) is entitled to the greater of fifty dollars or his or her actual damages for the first violation, and one hundred dollars for each subsequent violation, up to four thousand dollars, along with costs and reasonable attorneys fees.

42. Defendant failed to furnish Plaintiff and the class members with accurate and timely wage statements, as required by California Labor Code §226 in that none of the statements furnished to said employees contained an accurate statement of the employee's actual gross wages earned or the appropriate deductions.

43. As a result of Defendant's conduct as herein alleged, Plaintiff and the members of the class have been harmed in an amount to be proved at trial.

### **COUNT FIVE**
(Restitution of Business Expenses)

44. Plaintiff incorporates the allegations contained in paragraphs 1 through 43.

45. The members of the class incurred necessary business-related expenses that were not reimbursed by Defendant, including, without limitation, training costs, seminar costs, telephone charges, mailing costs, postage, subscriptions, office supplies, office equipment, compensation of the support staff, and other necessary business-related costs or expenses that resulted from their employment with Defendant.

46. Defendant's failure to reimburse these expenses violates California Labor Code section 2802, as well as Labor Code sections 221 and 400-410 as those sections have been interpreted by California case law. As such, Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. against members of the class.

47. Pursuant to California Bus. & Prof. Code section 17203, Plaintiff requests an order requiring Defendant to make restitution of all necessary business-related expenses due to members of the class in an amount to be proved at trial.

### **COUNT SIX**
(Waiting Time Penalties)

48. Plaintiff incorporates the allegations contained in paragraphs 1 through 47.

49. Defendant willfully and intentionally failed to pay Plaintiff and the other Class members all of the wages they were due by the deadlines imposed under Labor Code sections 201 and 202. Accordingly, Plaintiff and the Class members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

**COUNT SEVEN**
(Declaratory Relief)

50. Plaintiff incorporates by reference Paragraphs 1 through 49, inclusive, of this Complaint, as if fully set forth herein.

51. An actual and substantial controversy exists between Plaintiff and members of the Class on the one hand, and Defendant on the other hand, based on the prior six counts.

52. Plaintiff contends that by classifying her and those similarly situated as exempt employees and by failing and refusing to compensate them as alleged herein, Defendants have violated California law. Defendants contend the opposite. Declaratory relief is appropriate.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages according to proof;

2. For an order requiring Defendant to make restitution of all wages, including overtime wages and business expenses, that were illegally withheld;

3. For interest according to proof;

4. For penalties as alleged herein;

5. For declaratory relief that salaried employees employed by Defendants are not exempt from the overtime provisions of California law;

6. For reasonable attorney's fees and costs of suit; and

7. For such other relief that the Court deems just and proper.

Dated: May 28, 2008

HOFFMAN & LAZEAR

By: _____
H. TIM HOFFMAN
Attorney for Plaintiff

Amended Complaint

-10-