TRISH M. HIGGINS (State Bar No. 119215)
thiggins@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

ERIN M. CONNELL (State Bar No. 223355)
econnell@orrick.com
AMIRA B. DAY (State Bar No. 239045)
aday@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

Attorneys for Defendant
MORGAN STANLEY & CO. INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CAROL ETTINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO., INC. and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. CV 08 2602 CW<br><br>**DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |

1    Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley") answers the Amended
2    Class Action Complaint For Damages, Injunctive Relief and Restitution ("the FAC") of plaintiff
3    Carol Ettinger ("Plaintiff") as follows:

## INTRODUCTION

5    1.    Morgan Stanley denies that that it failed to properly compensate any of its
6    employees, improperly withheld wages and/or funds, failed to timely pay wages and/or funds,
7    failed to provide meal and/or rest breaks or failed to reimburse employees for business expenses
8    as required by statute and/or contract. Morgan Stanley denies that "Complex Service Manager"
9    and "Operations Manager" are interchangeable terms. The remainder of paragraph 1 contains
10   legal conclusions to which no response is required.

11   2.    Morgan Stanley denies the allegations in paragraph 2 of the FAC.

## PARTIES

13   3.    Morgan Stanley is informed and believes that Plaintiff is an individual residing in
14   the State of California, and on that basis admits that allegation in paragraph 3 of the FAC.
15   Morgan Stanley admits that Plaintiff worked for Morgan Stanley as a Complex Service Manager
16   and as an Operations Manager within the four year period preceding the filing of the original
17   complaint in this matter. Except as so expressly admitted, Morgan Stanley denies the allegations
18   of paragraph 3 of the FAC.

19   4.    Morgan Stanley admits the allegations in paragraph 4 of the FAC.

20   5.    Morgan Stanley admits that Plaintiff defines the term "plaintiffs" as used in the
21   FAC as alleged in paragraph 5 of the FAC. Except as so expressly admitted, Morgan Stanley
22   denies the allegations in paragraph 5 of the FAC.

23   6.    Morgan Stanley admits that Plaintiff defines the term "defendant" as used in the
24   FAC as alleged in paragraph 6 of the FAC. Except as so expressly admitted, Morgan Stanley
25   denies the allegations in paragraph 6 of the FAC.

26   7.    Morgan Stanley admits that it sells financial services in California and the United
27   States. Except as so admitted, Morgan Stanley denies the allegations in paragraph 7 of the FAC.

28   ///

## FACTS COMMON TO ALL COUNTS

8. Morgan Stanley denies the allegations in paragraph 8 of the FAC.

9. Morgan Stanley denies the allegations in paragraph 9 of the FAC.

10. Morgan Stanley denies the allegations in paragraph 10 of the FAC.

11. Morgan Stanley denies the allegations in paragraph 11 of the FAC.

12. Morgan Stanley denies the allegations in paragraph 12 of the FAC.

13. Morgan Stanley denies the allegations in paragraph 13 of the FAC.

14. Morgan Stanley denies the allegations in paragraph 14 of the FAC.

15. Morgan Stanley admits that it has not employed Plaintiff for over 30 days. Except as so admitted, Morgan Stanley denies the allegations in paragraph 15 of the FAC.

## CLASS ACTION ALLEGATIONS

16. Morgan Stanley admits that plaintiff seeks to bring this action on her own behalf and on behalf of other persons allegedly similarly situated. Except as so admitted, Morgan Stanley denies the allegations in paragraph 16 of the FAC.

17. Morgan Stanley admits that plaintiff seeks to represent a proposed class of "individuals who are currently or were employed by Morgan Stanley in California as Complex Service Managers within the applicable statutory period." Except as so admitted, Morgan Stanley denies the allegations in paragraph 17 of the FAC.

18. Morgan Stanley admits that Plaintiff seeks to represent a proposed class in this action. Except as so admitted, Morgan Stanley denies the allegations in paragraph 18 of the FAC.

19. Morgan Stanley admits that the number of individuals who satisfy the proposed class definition, as Morgan Stanley understands its scope, number at least fifty. Except as so expressly admitted, Morgan Stanley denies the allegations in paragraph 19 of the FAC.

20. Morgan Stanley denies the allegations in paragraph 20 of the FAC.

21. Morgan Stanley denies the allegations in paragraph 21 of the FAC.

22. Morgan Stanley denies the allegations in paragraph 22 of the FAC.

23. Morgan Stanley denies the allegations in paragraph 23 of the FAC.

24. Morgan Stanley denies the allegations in paragraph 24 of the FAC.

1    25.    Morgan Stanley denies the allegations in paragraph 25 of the FAC.

2    26.    Morgan Stanley denies or lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 26 of the FAC, and on this basis, denies the allegations in paragraph 26 of the FAC.

3    27.    Morgan Stanley denies or lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 27 of the FAC, and on these bases, denies the allegations in paragraph 27 of the FAC.

## COUNT ONE

### (Restitution of State Law Overtime Pay)

28.    Answering paragraph 28 of the FAC, Morgan Stanley incorporates its responses to allegations contained in paragraphs 1-27 above as though fully set forth herein.

29.    Paragraph 29 of the FAC contains legal conclusions to which no response is required.

30.    Morgan Stanley admits that it did not pay Plaintiff or the proposed class members (as Morgan Stanley understands the scope of the proposed class definition) "overtime" pay while they were employed in the proposed class positions because they were classified as exempt from overtime. Except as so expressly admitted, Morgan Stanley denies or lacks sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 30, and these bases, denies the allegations in paragraph 30 of the FAC.

31.    Morgan Stanley denies the allegations in paragraph 31 of the FAC.

32.    Morgan Stanley denies the allegations in paragraph 32 of the FAC.

33.    Morgan Stanley admits that Plaintiff requests an order requiring Morgan Stanley to make restitution of all state law overtime wages allegedly due to members of the proposed class. Except as expressly admitted, Morgan Stanley denies the allegations in paragraph 31 of the FAC.

## COUNT TWO

### (Recovery of State Law Overtime Pay)

34.    Answering paragraph 34 of the FAC, Morgan Stanley incorporates its responses to allegations contained in paragraphs 1-33 above as though fully set forth herein.

35.  Morgan Stanley denies that members of the potential class are entitled to recover overtime wages, interest, attorney's fees, or costs. The remainder of paragraph 35 of the FAC contains legal conclusions to which no response is required.

## COUNT THREE

### (Rest and Meal Breaks)

36.  Answering paragraph 36 of the FAC, Morgan Stanley incorporates its responses to allegations contained in paragraphs 1-35 above as though fully set forth herein.

37.  Morgan Stanley denies the allegations in paragraph 37 of the FAC.

38.  Morgan Stanley denies the allegations in paragraph 38 of the FAC.

39.  Morgan Stanley admits that Plaintiff requests an order requiring Morgan Stanley to make restitution of all amounts allegedly due to members of the proposed class as a result of an alleged failure to provide meal and rest breaks. Except as expressly admitted, Morgan Stanley denies the allegations in paragraph 39 of the FAC.

## COUNT FOUR

### (Failure to Provide Accurate Wage Statements)

40.  Answering paragraph 40 of the FAC, Morgan Stanley incorporates its responses to allegations contained in paragraphs 1-39 above as though fully set forth herein.

41.  Paragraph 41 of the FAC contains legal conclusions to which no response is required.

42.  Morgan Stanley denies the allegations in paragraph 42 of the FAC.

43.  Morgan Stanley denies the allegations in paragraph 43 of the FAC.

## COUNT FIVE

### (Restitution of Business Expenses)

44.  Answering paragraph 44 of the FAC, Morgan Stanley incorporates its responses to allegations contained in paragraphs 1-43 above as though fully set forth herein.

45.  Morgan Stanley denies the allegations in paragraph 45 of the FAC.

46.  Morgan Stanley denies the allegations in paragraph 46 of the FAC.

47.  Morgan Stanley admits that Plaintiff requests an order requiring Morgan Stanley to

make restitution of all alleged necessary business expenses allegedly due to members of the proposed class. Except as expressly admitted, Morgan Stanley denies the allegations in paragraph 47 of the FAC.

## COUNT SIX

### (Waiting Time Penalties)

48. Answering paragraph 48 of the FAC, Morgan Stanley incorporates its responses to allegations contained in paragraphs 1-47 above as though fully set forth herein.

49. Morgan Stanley denies the allegations in paragraph 49 of the FAC.

## COUNT SEVEN

### (Declaratory Relief)

50. Answering paragraph 50 of the FAC, Morgan Stanley incorporates its responses to allegations contained in paragraphs 1-49 above as though fully set forth herein.

51. Morgan Stanley denies the allegations in paragraph 51 of the FAC and incorporates its responses to allegations contained in paragraphs 1-50 above as though fully set forth herein.

52. Morgan Stanley admits that Plaintiff contends that Morgan Stanley violated California law and that Morgan Stanley contends the opposite. Except as expressly admitted, Morgan Stanley denies the allegations in paragraph 52 of the FAC.

## AFFIRMATIVE DEFENSES

Morgan Stanley asserts the following affirmative defenses to the FAC and its purported causes of action:

## FIRST DEFENSE

### (Failure to State a Claim)

1. As a separate defense to the FAC, Morgan Stanley alleges that the FAC fails to state a claim upon which relief may be granted.

///

///

///

## SECOND DEFENSE

(Laches)

2. As a separate defense to the FAC, Morgan Stanley alleges that some or all of the claims asserted in the FAC are barred by the equitable doctrine of laches and/or acquiescence.

## THIRD DEFENSE

(Waiver)

3. As a separate defense to the FAC, Morgan Stanley alleges that some or all of the claims asserted by Plaintiff and/or the members of the proposed class are barred by the equitable doctrine of waiver.

## FOURTH DEFENSE

(Estoppel)

4. As a separate defense to the FAC, Morgan Stanley alleges that some or all of the claims asserted by Plaintiff and/or the members of the proposed class are barred by the equitable doctrine of estoppel.

## FIFTH DEFENSE

(Unclean Hands)

5. As a separate defense to the FAC, Morgan Stanley alleges that some or all of the claims asserted claims asserted by Plaintiff and/or the members of the proposed class are barred by the equitable doctrine of unclean hands.

## SIXTH DEFENSE

(Statute of Limitations)

6. As a separate defense to the FAC, Morgan Stanley alleges that the claims asserted by Plaintiff and/or the members of the proposed class are barred by the applicable statutes of limitation.

## SEVENTH DEFENSE

(Failure To Mitigate)

7. As a separate defense to the FAC, Morgan Stanley alleges that Plaintiff and/or members of the proposed class have failed to mitigate their damages, if any. Alternatively,

Morgan Stanley alleges that any recovery by Plaintiffs should be reduced by those damages Plaintiff and/or members of the proposed class failed to mitigate.

### EIGHTH DEFENSE

**(Requirements for Class, Group or Collective Action)**

8. As a separate defense to the FAC and each cause of action therein, Morgan Stanley alleges that Plaintiff and the proposed class cannot satisfy the requirements for a class, group, collective or representative action under applicable law.

### NINTH DEFENSE

**(Lack of Standing)**

9. As a separate defense to the FAC and each cause of action therein, Morgan Stanley alleges that the claims are barred to the extent that Plaintiff lacks standing to raise some or all of the claims of the alleged class of persons whom Plaintiff purports to represent.

### TENTH DEFENSE

**(Exemption)**

10. As a separate defense to the FAC, Morgan Stanley alleges that some or all of the claims in the FAC are barred because Plaintiff and the members of the proposed class are properly classified as exempt from applicable overtime, wage and hour, and/or meal/rest period laws.

### ELEVENTH DEFENSE

**(Compromise, Settlement, Waiver, Accord, Satisfaction, Set-Off, Release)**

11. As a separate defense to the FAC, Morgan Stanley alleges that Plaintiff and/or members of the proposed class are precluded from recovering any amounts from Morgan Stanley because Morgan Stanley has paid Plaintiff and/or members of the proposed class all sums legally due under California law, as applicable, and/or Plaintiff and/or members of the proposed class have compromised and/or released some or all of claims asserted in this lawsuit and, accordingly, such claims are barred by the doctrines of compromise, settlement, waiver, accord, satisfaction, set off, and/or release.

///

## TWELFTH DEFENSE

### (Failure To Perform Duties)

12. As a separate defense to the FAC, Morgan Stanley alleges that the FAC, and each purported cause of action contained therein, is barred to the extent that Plaintiff, and/or the members of the proposed class failed to perform their respective duties, failed to perform those duties which Morgan Stanley realistically expected each to perform, failed to use ordinary care and diligence in the performance of their duties, failed to substantially comply with the reasonable directions of their alleged employer, failed to exercise a reasonable degree of skill in performing their job duties and/or have failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively.

## THIRTEENTH DEFENSE

### (Good Faith)

13. As a separate defense to the FAC and each cause of action therein, Morgan Stanley alleges that any act(s) and/or omissions(s) which may be found to be in violation of the rights afforded by California law were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with applicable law.

## FOURTEENTH DEFENSE

### (Failure to State a Claim Re Damages, Costs, Fees, Injunctive or Equitable Relief)

14. As a separate defense to the FAC, Morgan Stanley alleges that the FAC fails to state a claim for which relief may be granted that provides for compensatory, consequential or liquidated damages, or any other damages, costs, fees, injunctive or other equitable relief, allowed by applicable law.

## FIFTEENTH DEFENSE

### (Offset)

15. As a separate defense to the FAC and to each claim therein, Morgan Stanley alleges that if any damages have been sustained by Plaintiff and/or by any member of the proposed class although such is not admitted and is specifically denied, Morgan Stanley is entitled by equity to offset all time Morgan Stanley voluntarily paid for not worked by Plaintiff

and/or members of the proposed class against any judgment that may be entered against Morgan Stanley.

### SIXTEENTH DEFENSE

### (Unconstitutional)

16. As a separate defense to the FAC, Morgan Stanley alleges that California Business and Professions Code Section 17200 is unconstitutionally vague as applied here in violation of Morgan Stanley's rights of due process and equal protection under the United States Constitution and the California Constitution.

### SEVENTEENTH DEFENSE

### (Seventh Amendment)

17. As a separate defense to the FAC, Morgan Stanley alleges that because liability may not be determined by a single jury on a class wide basis, allowing this action to proceed as a class action would violate Morgan Stanley's rights under the Seventh Amendment.

### EIGHTEENTH DEFENSE

### (Res Judicata and/or Collateral Estoppel)

18. As a separate defense to the FAC, Morgan Stanley alleges that claims asserted by Plaintiff and/or the members of the proposed class are barred by the doctrine of res judicata and/or collateral estoppel.

### NINETEENTH DEFENSE

### (Employment Agreements)

19. As a separate defense to the FAC, Morgan Stanley alleges that claims asserted by Plaintiff and/or the members of the proposed class are barred by the terms of applicable employment agreements.

### TWENTIETH DEFENSE

### (Adequate Remedy)

20. As a separate defense to the FAC, Morgan Stanley alleges that claims for equitable and/or declaratory relief asserted by Plaintiff and/or the members of the proposed class are barred because Plaintiff and/or the alleged class have an adequate remedy at law for their claims.

## TWENTY-FIRST DEFENSE

### (No Competent Plaintiff)

21. As a separate defense to the FAC, Morgan Stanley alleges that Plaintiff is not an appropriate class or group representative.

## TWENTY-SECOND DEFENSE

### (Negligence, Comparative Fault)

22. As a separate defense to the FAC, to the extent any damages were sustained by Plaintiff and/or any members of the proposed class, which is expressly denied, such damages were proximately, wholly or in part caused by Plaintiff's and/or the member(s) of the proposed class's own negligence, comparative fault, actions, inactions, or delay in acting.

## TWENTY-THIRD DEFENSE

### (Consent, Ratification)

23. As a separate defense to the FAC, Plaintiff and/or members of the proposed class consented to and/or ratified some or all of the actions now complained of.

## TWENTY-FOURTH DEFENSE

### (Cause of Alleged Injury)

24. As a separate defense to the FAC, no conduct or omission by Morgan Stanley was the cause in fact or proximate cause of any injury allegedly suffered by Plaintiff and/or any members of the proposed class.

## TWENTY-FIFTH DEFENSE

### (Illusory Obligation, Failure of Consideration, Conditions not Occurred)

25. As a separate defense to the FAC, to the extent Plaintiff and/or any member of the putative class allege that Morgan Stanley has an obligation to which full performance has not been rendered or excused, the obligation is illusory, void and unenforceable, and/or there has been a failure and/or lack of consideration, and/or not all conditions to said obligations occurred.

## TWENTY-SIXTH DEFENSE

### (Statute of Frauds)

26. As a separate defense to the FAC, any claim by Plaintiff and/or any putative class

1  members based on an alleged oral contract are barred by the Statute of Frauds.

## TWENTY-SEVENTH DEFENSE

### (Dispute Over Wages)

27. As a separate defense to the FAC, the claims of Plaintiff and/or the members of the proposed class are subject to good faith disputes over wages.

## TWENTY-EIGHTH DEFENSE

### (Misconduct)

28. As a separate defense to the FAC, Plaintiff and/or the members of the proposed class engaged in willful misconduct which precludes maintenance of this action and was a proximate cause of the claimed damages, if any damages were sustained.

## TWENTY-NINTH DEFENSE

### (Unjust Enrichment)

29. As a separate defense to the FAC, the claims of Plaintiff and/or the members of the proposed class are barred because any recovery from Morgan Stanley would result in unjust enrichment.

## RESERVATION OF RIGHTS

Morgan Stanley reserves herein the right to assert additional affirmative defenses that may appear and prove applicable during the course of this litigation.

///

///

///

**PRAYER**

WHEREFORE, Morgan Stanley prays for the following relief:

1. That the FAC be dismissed with prejudice and that Plaintiff and the proposed class take nothing thereby;

2. That the purported class not be certified;

3. That judgment be entered in favor of Morgan Stanley on all claims and against Plaintiff;

4. That Morgan Stanley be awarded its attorneys' fees under applicable law, including but not limited to Labor Code section 218.5, and its costs of suit; and

5. For such other and further relief as this Court may deem proper.

Dated: June 16, 2008

TRISH M. HIGGINS
ERIN. M. CONNELL
AMIRA B. DAY
ORRICK, HERRINGTON & SUTCLIFFE LLP

Amira B. Day
Attorneys for Defendant
Morgan Stanley & Co. Incorporated

```
 1 │ TRISH M. HIGGINS (State Bar No. 119215)
   │ thiggins@orrick.com
 2 │ ORRICK, HERRINGTON & SUTCLIFFE LLP
   │ 400 Capitol Mall, Suite 3000
 3 │ Sacramento, CA  95814-4497
   │ Telephone:   916-447-9200
 4 │ Facsimile:   916-329-4900
   │
 5 │ ERIN M. CONNELL (State Bar No. 223355)
   │ econnell@orrick.com
 6 │ AMIRA B. DAY (State Bar No. 239045)
   │ aday@orrick.com
 7 │ ORRICK, HERRINGTON & SUTCLIFFE LLP
   │ The Orrick Building
 8 │ 405 Howard Street
   │ San Francisco, CA  94105
 9 │ Telephone:   415-773-5700
   │ Facsimile:   415-773-5759
10 │
   │ Attorneys for Defendant
11 │ MORGAN STANLEY & CO. INCORPORATED
12 │
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CAROL ETTINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO., INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 08 2602 CW<br><br>**CERTIFICATE OF SERVICE** |

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California 94105-2669. I hereby certify that this document(s):

**DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 16, 2008 (see attached Notice of Electronic Filing) as indicated below.

On June 16, 2008, I served the following document(s):

**DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

>Cameron M. Cunningham, Esq.
>Attorney at Law
>719 Orchard Street
>Santa Rosa, CA  95405
>
>Newman Guthrie Strawbridge, Esq.
>Crawford & Strawbridge
>719 Orchard Street
>Santa Rosa, CA  95404

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2008, at San Francisco, California.

>/s/ Erica S. Andrada
>Erica S. Andrada