**ORIGINAL**

**FILED**
08 MAY 22 PM 3: 48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   TRISH M. HIGGINS (State Bar No. 119215)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
2   400 Capitol Mall, Suite 3000
    Sacramento, CA 95814-4497
3   Telephone:   916-447-9200
    Facsimile:   916-329-4900
4
5   ERIN M. CONNELL (State Bar No. 223355)
    AMIRA B. DAY (State Bar No. 239045)
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
7   405 Howard Street
    San Francisco, CA 94105
8   Telephone:   415-773-5700
    Facsimile:   415-773-5759

9   Attorneys for Defendant
    MORGAN STANLEY & CO. INCORPORATED
10

E filing

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14  CV 08 2602

| | |
|---|---|
| 15  CAROL ETTINGER, individually and on behalf of all others similarly situated, | Case No. EMC |
| 16  | **DECLARATION OF WENDY** |
| Plaintiff, | **WARNER IN SUPPORT OF NOTICE** |
| 17  | **OF REMOVAL UNDER 28 U.S.C.** |
| v. | **§§ 1332, 1441, AND 1453** |
| 18  | |
| 19  MORGAN STANLEY & CO., INC. and DOES 1 through 50, inclusive, | |
| 20  Defendants. | |

21

22

23

24

25

26

27

28

1    I, Wendy Warner, hereby declare:

2    1.    I am a Human Resources Generalist and Vice President for defendant Morgan

3    Stanley & Co. Incorporated ("Morgan Stanley"). I make this declaration in support of Morgan

4    Stanley's Notice of Removal Under 28 U.S.C. Sections 1332, 1441, and 1453. The facts set forth

5    in this declaration I know to be true of my own personal knowledge, except where such facts are

6    stated to be based on information and belief, and those facts I believe to be true. If called as a

7    witness I could and would testify competently to the matters set forth in this declaration.

8    2.    Morgan Stanley is now, and ever since this action commenced has been,

9    incorporated under the laws of the State of Delaware, with its principal place of business in the

10    State of New York. Morgan Stanley conducts business in many states, does not conduct a

11    majority of its activities in any single state, and its corporate headquarters is located in New York.

12    3.    Because of my tenure with the Company and job duties as a Human Resources

13    Generalist, I am familiar with the manner in which Morgan Stanley records the employment

14    history, compensation and payroll information for its California employees, including Branch

15    Operations Managers and Complex Service Managers. This information is recorded in electronic

16    databases which Morgan Stanley maintains and relies upon in the normal course of its business

17    and to which entries of information are made at or about the time of the underlying events.

18    4.    In connection with this Notice of Removal, I have reviewed information derived

19    from Morgan Stanley's electronic databases which contain information concerning employees

20    who were or are employed by Morgan Stanley in California as Branch Operations Managers

21    and/or Complex Service Managers from April 21, 2004 to April 21, 2008. This information

22    includes the specific dates during which each employee was employed as either a Branch

23    Operations Manager or a Complex Service Manager in California; each employee's salary during

24    the relevant time period, from which the hourly rate is derived; and dates of termination. From

25    this information, I am able to provide a computation of the monetary value of the claims alleged

26    in this case.

27    5.    In the period April 21, 2004 to April 21, 2008, 108 individuals were employed by

28    Morgan Stanley in California in the position of Branch Operations Manager or Complex Service

DECLARATION OF WENDY WARNER IN SUPPORT
OF NOTICE OF REMOVAL (CASE NO. _____ )

1   Manager.

2       6.      The information from Morgan Stanley's databases shows the number of weeks that

3   each putative class member was employed in a class position (i.e., Branch Operations Manager or

4   Complex Service Manager position) since April 21, 2004, and their pay rate for each week that

5   they were employed in that position.  For each putative class member, overtime at 10 hours per

6   week is calculated by multiplying the number of weeks the putative class member was employed

7   in a class position by the rate of one-and-a-half times that employee's hourly rate for the specific

8   weeks at issue, and multiplied by 10.  So computed, the total value of overtime wages (exclusive

9   of interest) for the putative class members at 10 hours per week is approximately $4,092,057.  For

10  each putative class member, overtime at 6 hours per week is calculated by multiplying the

11  number of weeks the putative class member was employed in a class position by the rate of one-

12  and-a-half times that employee's hourly rate for the specific weeks at issue, and multiplied by 6.

13  So computed, the total value of overtime wages (exclusive of interest) for the putative class

14  members at 6 hours per week is approximately $2,455,234.

15      7.      For each putative class member, missed break premium pay of 5 hours per week is

16  calculated by multiplying the number of weeks the putative class member was employed in a

17  class position by that employee's regular hourly rate for the specific weeks at issue, multiplied

18  by 5.  So computed, the total value of missed break premium pay (exclusive of interest) for the

19  putative class members at 5 hours per week is approximately $1,364,019.

20      8.      For each putative class member who no longer works for Morgan Stanley,

21  "waiting time penalties" is calculated based on 30 days of their wages at each employee's final

22  rate of pay upon termination.  So calculated, the total value of "waiting time penalties"

23  (exclusive of interest) is approximately $222,820.

24      9.      For each putative class member employed in a class position since April 21, 2007,

25  section 226 penalties is calculated by multiplying $100 by the number of pay periods that each

26  employee was employed in a class position since April 21, 2007 (except that the first pay period

27  is calculated at $50, and the amount for any putative class member does not exceed $4,000).  So

28  calculated, the total value of section 226 penalties is approximately $90,350.

10.     The databases also contain information specific to the named plaintiff Carol Ettinger.  Employing the same calculations discussed above (using the specific weeks of Ms. Ettinger's employment in a class position and her rate of pay for each relevant period), the approximate value of the following of Ms. Ettinger's own claims is:  (a) overtime pay at 10 hours per week, $39,447; (b) missed rests or meal periods of 5 per week, $13,149; (c) waiting time penalties, $5,133; (d) wage statement penalties, $1,300, summing to $59,029.

Executed this 22nd day of May, 2008, in the City and County of San Francisco, State of California.

I declare under penalty of perjury under the laws of these United States that the foregoing is true and correct.

_Wendy Warner_
Wendy Warner

OHS West:260437864.3
9631-2015 ES8/TH1

- 3 -